UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WILLIAM B. CROCKETT III, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00680-JMS-TAB |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

William Crockett asked a corrections officer to provide him with cigarettes, leading him to be charged and convicted for attempting to traffic. Mr. Crockett's custodial punishments included a loss of 180 days of good-time credit. He has filed a Petition for a Writ of Habeas Corpus. [Filing No. 1.] For the reasons explained below, Mr. Crockett has procedurally defaulted his claims and his Petition is **DENIED**.

## I.
### LEGAL BACKGROUND

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

## II.
### FACTUAL BACKGROUND

In March 2019, Officer S. Murphy drafted a Conduct Report charging Mr. Crockett with offense A-111/113, Conspiracy/Attempting/Aiding or Abetting Trafficking. [Filing No. 14-1 at 1.] The Conduct Report states as follows:

> On 3-17-19 at approximately 10:31 AM I [Correctional Officer] Murphy was picking up lunch trays on 100 range in C.C.D. when I got to cell 106 [in] which resided offender Crockett, William (973572). He told me that he needs "some cigarettes and some cookies from fresh favorites." I then asked Crockett if he was asking me to traffic[]. Crockett stated "I don't know what that is. Isn't that walking down the street[?]" I then asked Crockett "are you asking me . . . to bring you . . . cigarettes into the facility to you?" Crockett states "yes, yes I am I could really use them." I then told Offender Crockett "No I will not do that and you will be getting a write up."

[Filing No. 14-1 at 1.] The Disciplinary Code for Adult Offenders defines attempt as "[a]ttempting by one's self or with another person or conspiring or aiding and abetting with another person to commit any Class A offense." [Filing No. 14-8 at 2.] Trafficking is defined as "[g]iving, selling, trading, transferring, or in any other manner moving an unauthorized physical object to another person; or receiving, buying, trading, or transferring; or in any other manner moving an unauthorized physical object from another person without the prior authorization of the facility warden or designee." [Filing No. 14-8 at 2.]

Mr. Crockett apparently refused screening, stating, "stick it in your a**." [Filing No. 14-2.] At the disciplinary hearing, Mr. Crockett stated that he has "been illegally held in DOC because . . . my name isn't correct on my court documents. I've been held in CCU for 2 1/2 years illegally and denied mail and telephone." [Filing No. 14-4 at 1.] On March 26, 2019, based on the Conduct Report, Mr. Crockett was found guilty, resulting in a custodial sentence of a loss of 180 days of earned-credit time. [Filing No. 14-4 at 1.]

Mr. Crockett did not file an appeal. He has now filed a Petition for a Writ of Habeas Corpus, challenging his disciplinary conviction. [Filing No. 1.]

### III.
#### DISCUSSION

The Respondent argues that Mr. Crockett did not exhaust his remedies because he failed to appeal the disciplinary decision to either the facility level or the prison's final reviewing authority. [Filing No. 14 at 2.] The Respondent's Litigation Liaison submitted a declaration that "[t]he facility has no record of [Mr.] Crockett submitting an appeal at any time after March 26, 2019." [Filing No. 14-9 at 2.]

Mr. Crockett's Petition is largely illegible and unintelligible, but as best the Court can relevantly discern, he responds that he attempted to present his argument to the final reviewing authority but was denied, that he "was denied the right of notification to appeal because the state would not process when [he] told them [he] was denied the right to written copies of the findings and no notice of [conviction] was approved on the face of the explanation"; that six months of "false imprisonment" is cruel and unusual punishment; and that "[t]here is no procedural bar to slavery." [Filing No. 1 at 2-3.]

It is well established that state prisoners must exhaust their available state remedies before challenging a prison disciplinary conviction in federal court. See Love v. Vanihel, 73 F.4th 439, 446 (7th Cir. 2023) (citing 28 U.S.C. § 2254(b)(1)(A), (C)). To properly exhaust a claim and "avoid procedural default, a habeas petitioner must 'fairly present' a claim to each level of the state courts." Love, 73 F.4th at 446. Indiana "has no judicial procedure for reviewing prison disciplinary hearings, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies, and presenting legal contentions to each administrative level." Id. (quotations and citations omitted).

3

A petitioner seeking review of defaulted claims has two options. He can show "cause and prejudice for the default" or he can demonstrate that failure to consider the defaulted claims will result in a "miscarriage of justice." *Id.* "The existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded compliance with the procedural rule." *Id.* (quotation and citation omitted). "This normally means petitioner must show that the factual or legal basis for a claim was not reasonably available, or that some interference by officials made compliance impracticable." *Id.* (quotations, citations, and alteration omitted).

To show prejudice, "the prisoner must show not merely a substantial federal claim, such that the errors at trial created a possibility of prejudice, but rather that the constitutional violation worked to his actual and substantial disadvantage." *Id.* at 448 (quotation and citation omitted). To demonstrate a fundamental miscarriage of justice, a petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent" such that "it is more likely than not that no reasonable juror would have convicted [the petitioner] in the light of the new evidence." *Thomas v. Williams*, 822 F.3d 378, 386 (7th Cir. 2016).

The record indicates that Mr. Crockett did not file an internal appeal before filing his Petition. Even assuming he did have good cause for not filing an internal appeal, he has not argued prejudice, nor could he. The Conduct Report stated that Mr. Crockett blatantly asked an officer to traffic cigarettes to him. A Conduct Report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). A disciplinary conviction pursuant to such a Report is not false imprisonment, but rather a lawful imposition of criminal consequences. Mr. Crockett has procedurally defaulted on his habeas claims.

## IV.
### Conclusion

Not having appealed internally and having shown neither cause nor prejudice, Mr. Crockett has procedurally defaulted all arguments in his Petition. His Petition for a Writ of Habeas is **DENIED**. Judgment consistent with this Order shall issue.

Date: 1/2/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

WILLIAM B. CROCKETT III
973572
INDIANA STATE PRISON
Inmate Mail/Parcels
One Park Row
MICHIGAN CITY, IN 46360

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov